IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 8 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00546-ZLW

EDWARD O. THACKER,

Plaintiff,

v.

JOE ORTIZ, Executive Director of Colo. D.O.C.,

Defendant.

___

ORDER DENYING MOTION TO RECONSIDER

___

This matter is before the Court on the letter to the clerk of the Court submitted *pro se* on June 12, 2006, by Plaintiff Edward O. Thacker. Mr. Thacker apparently asks the Court to set aside the dismissal order entered on May 4, 2006, and filed on May 5, 2006. The Court must construe the letter liberally because Mr. Thacker is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will construe the letter as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*,

863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Court's order and judgment filed on May 5, 2006, dismissed the Prisoner Complaint and the action, and entered judgment in favor of Defendant and against Plaintiff. Plaintiff's motion was submitted on June 3, 2005, more than ten days after the final judgment. Therefore, the Court will construe the motion liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant Prisoner Complaint and the action without prejudice for Plaintiff's failure within the time allowed to pay an initial partial filing fee of $20.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. The Court's reasoning for the dismissal is discussed in detail in the order and judgment filed on May 5, 2006. Mr. Thacker fails to present any extraordinary circumstances that justify relief pursuant to Fed. R. Civ. P. 60(b). Upon consideration of the entire file, the Court finds and concludes that Mr. Thacker

fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss the complaint. Therefore, the liberally construed motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b) will be denied. Accordingly, it is

ORDERED that the letter to the clerk of the Court submitted *pro se* on June 12, 2006, by Plaintiff Edward O. Thacker, and which the Court has construed liberally as a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 27 day of June, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00546-BNB

Edward O. Thacker
Reg. No. 59942
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6-28-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk