IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00546-BNB

EDWARD O. THACKER,
    Plaintiff,

v.

JOE ORTIZ, Executive Director of Colo. D.O.C.,
    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 5 2006

GREGORY C. LANGHAM
CLERK

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

    Plaintiff, Edward O. Thacker, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Trinidad, Colorado, correctional facility. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated.

    The Court must construe the complaint liberally because Mr. Thacker is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thacker will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust available administrative remedies.

    Mr. Thacker asserts that he suffers from a sinus condition that makes it difficult to breath without prescription medication. He contends that the prison medical

department has refused to give him his prescribed medication and that he is experiencing breathing difficulties.

Mr. Thacker must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC Executive Director Joe Ortiz, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not clear whether Mr. Thacker has exhausted his claims through the prison grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Thacker is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Thacker must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. ***See Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Thacker has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Mr. Thacker fails to attach copies of his administrative proceedings. In addition, his statement that he filed steps one, two, and three grievances, and that steps two and three were not answered fails to describe with specificity the disposition of his efforts to exhaust. Therefore, Mr. Thacker will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the prison's administrative grievance procedure.

Finally, Mr. Thacker is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Thacker should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Thacker file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the available administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Thacker, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Thacker submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Thacker fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00546-BNB

Edward O. Thacker
Prisoner No. 59942
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

   I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 11/15/06

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk